IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWARD GARCIA,

        Plaintiff,

v.                                                             CIV 01-138 BB/KBM

LARRY G. MASSANARI,[1]
Commissioner of Social Security,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's Motion to Reverse or Remand. *Doc. 11*. The sole issue is whether the Administrative Law Judge's ("ALJ") correctly completed the analysis for her finding at step five that Plaintiff has "transferable skills" as required under *Dikeman v. Halter,* 245 F.3d 1182 (10th Cir. 2001).

      The ALJ found Plaintiff could not perform his past relevant skilled work as a drywall finisher but does retain the residual functional capacity to perform a limited range of light work, that is, so long as it does not involve reaching overhead or elevated surfaces. *Administrative Record* ("*Record*") at 15. The ALJ also found Plaintiff has a high school education and was fifty years old or, in other words, qualified as "closely approaching advanced age." *Id.* As such, "the burden shifted to the Commissioner to establish that plaintiff could perform other jobs in the national economy, considering [his] RFC, age, education, and past work experience." *Dikeman,*

---

[1] On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with FED. R. CIV. P. 25(d)(1), Mr. Massanari is substituted for Kenneth S. Apfel as the Defendant in this action.

254 F.3d at 1184. The ALJ relied on the vocational expert's testimony that Plaintiff had a number of transferable skill from prior work in finding that Plaintiff "can perform sedentrary, semi-skilled jobs as telephone solicitor or a credit authorizer and thus is not disabled. *See Record* at 15-16.

If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). Having carefully reviewed the administrative record, the briefs and relevant authorities, I agree that the "transferability" portion of the ALJ's decision is neither based on substantial evidence nor applied the correct legal standards.

Despite his medical conditions and inability to do drywall work, Plaintiff has held other jobs and in fact was working at the time of the hearing. He testified at the hearing, for example, that he was working as a trainee doing temporary and part-time work conducting surveys of businesses, which requires observing business practices and compiling reports of his evaluation. *Record* at 30-31. He periodically does home repair and cleans houses. *Id.* at 32-33. Since 1983 he also has been "marketing" a product that delivers a "balanced light spectrum" which he personally uses and believes is beneficial to a healthy environment. While he does not describe himself as a "salesman," he does tell others about the product and he buys the product himself to

"independently" sell them for $50 each, making a "commission" on the difference. He makes light "presentations" about four times a month. *See id.* at 59-66. However, as the ALJ found, Plaintiff's earnings from all of these jobs do not qualify as "substantial gainful activity." *Id.* at 11.

Plaintiff argues the ALJ erred in considering his past sales work as giving him transferable skills because that work was "sporadic" and not "substantial gainful activity." The authorities Plaintiff cites are not on point as they involve a step three or four analysis – whether Plaintiff was employed in a substantial gainful activity or whether Plaintiff can return to past relevant work, which itself must be substantial gainful activity – as opposed to the analysis at step five – whether Plaintiff has any transferable skills that give him the ability to perform other work that exists in the national economy. *See Doc. 12* at 3.

Defendant does not address the issue. I have found no decisional authority for the proposition that only skills gained from experience that qualifies as "past relevant work" will be considered as transferable. On the other hand, if the regulations do so limit the inquiry, then the ALJ's finding of no substantial gainful activity would preclude using Plaintiff's sales experience as a basis for transferable skills.[2] I need not definitively resolve this issue, however, because there

---

[2] The regulations provide that if a claimant is found unable to do past relevant work, then the ALJ is to consider "residual functional capacity together with your ***vocational factors of*** age, education, and ***work experience*** to determine whether you can do other work. By other work we mean jobs that exist in significant numbers in the national economy." 20 C.F.R. § 404.1562(c). The regulation governing "work experience as a vocational factor" provides that work a claimant has "been able to do shows the kind of work that you may be expected to do" and requires that for work experience to be considered it must have been "done within the last 15 years, lasted long enough for you to work at it, and ***was substantial gainful activity***." *Id.,* § 404.1565(a). While the transferable skills regulation is silent on the issue, the administrative ruling on transferability appears to assume the skills are derived from whatever qualifies as "past relevant work." *See id.,* § 404.1568(d); Soc. Sec. Rul. 82041, 1982 WL 31389 at *1 - *2 ("Transferability of skills is an issue only when an individual's impairment(s), though severe, does not meet or equal the criteria in the Listing of Impairments in Appendix 1 of the regulations but does prevent the performance

are other independent reasons why the matter should be remanded.

There are several problems with the ALJ's analysis as to reliance on the vocational expert's findings. *Dikeman* requires that

> [w]hen an ALJ makes a finding that a claimant has transferable skills, he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable. . . . The ALJ's "[f]indings should be supported by appropriate documentation." . . . "Neither an occupational title by itself nor a skeleton description [of a job] is sufficient" to document the claimant's acquisition of skills. . . . Job titles, in themselves, are not determinative of skill level.

245 F.3d at 1185 (citations omitted). First, it appears the ALJ did not correctly characterize what the vocational expert found. The ALJ's decision provides that Plaintiff "has transferable skills consisting of use of machinery, tools, and equipment in connection with drywall, use of numbers and measurement, supervisory skills, and verbal skills and abilities, according to the vocation expert." *Record* at 15. The paragraph is not clear. If the ALJ means to hold that the vocational expert only attributed machine, tool, and equipment skills to Plaintiff's drywall work (and not the use of numbers and measurement), that finding is not supported by substantial evidence. The vocational expert testified that from his career in drywall, Plaintiff acquired the "transferrable" skills of: "machine skills . . . technical skills, numerical skills, measurement [skills]." *Id.* at 70. Given that Plaintiff's testimony did not go into detail on this matter, the vocational expert's finding must have been largely taken from the description Plaintiff gave in his disability report. *Id.* at 119. Furthermore, Defendant essentially concedes that the drywall construction skills

---

of past relevant work (PRW), and that work has been determined to be skilled or semiskilled. (PRW is defined in regulations sections 404.1565 and 416.965. . . . Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs.")

themselves are not transferrable to the telephone solicitor or credit authorizer's jobs and that the only issue is Plaintiff's purported "verbal skills and abilities." *See Doc.* 13 at 4.

Second, Plaintiff's disability report indicated without elaboration that he "would have to supervise up to 5 people." *Record* at 116; *see also id.* at 119. Plaintiff did not testify and was not questioned at the hearing about what this supervision entailed.[3] Nevertheless, the vocational also found that he acquired "verbal skills and abilities" from being a supervisor. The vocational expert further found that Plaintiff acquired "verbal skills and abilities" from selling the light product, but again this is not based on any testimony by Plaintiff concerning specific skills required of that job. *Id.* at 70. Other than the mere job descriptions of "supervisor" and "salesman" and an general sense of what those jobs or duties may require, there is no evidence supporting the finding of verbal skills. *Dikeman* requires that skills be based on substantial evidence. *See* 245 F.2d at 1187-88.

Third, Defendant does not address Plaintiff's *Dikeman* contentions at all. Rather, Defendant's entire argument is premised on the common sense notion that a saleman can do telephone solicitation or credit authorization. Although Defendant's position may have common sense or intuitive appeal, premising a transferability finding on such inferences is impermissible under *Dikeman*. Rather, the ALJ must discuss the duties required of a telephone solicitor or credit authorizer.

Finally, Plaintiff argues that "verbal skills" do not qualify as transferable skills. Defendant also does not respond to this argument. "Transferability refers to acquired work skills, not to

---

[3] If 20 C.F.R. § 404.1565 limits what work can be considered, I also note that the record also did not establish whether the supervision occurred during the requisite prior fifteen year period.

5

aptitudes and attributes that are more properly characterized as qualifies necessary and useful in nearly all jobs." *Frey v. Bowen,* 816 F.2d 508, 517-18 (10th Cir .1987). An ALJ decision that equates "transferable work skills with common aptitudes is incorrect as a matter of law and contrary to the Secretary's own definition." *Id.* (citing Soc. Sec. Ruling 82-41). Things such as "understanding," "common sense," and "logic" are characterized as "aptitudes or traits." *Id.* at 518. I agree with Plaintiff that under *Frey,* identification of "verbal" skills, without more, merely describes and aptitude or trait "common to most people" and therefore should fall on the nonqualification side of the transferable skills issue. *Id.* at 518. I reach the same result under the definition of Soc. Sec. Ruling 82-41:

> What a "skill" is. A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery. A skill gives a person a special advantage over unskilled workers in the labor market.

And at least one court has specifically noted that "verbal skills . . . do not appear to qualify . . . under Soc. Sec. R[uling] 82-41." *Wright v. Halter,* 2001 WL 275075 (9th Cir. 2001) (unpublished). It may be that by "verbal skills" the vocational expert and ALJ meant to convey something else, but that is not clear from the record or the decision. Therefore, the only arguably transferable skill supporting the ALJ's decision does not qualify.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff's motion be granted and the matter

6

remanded to the Commissioner for clarification of the step five analysis, including a rehearing if necessary.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE